**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

JONATHAN HOWARD,
    Plaintiff,
v.                                Case No.

KENNETH HUHMAN, in his
official capacity as an officer of
the Florida State Guard, and in
his individual capacity,
    Defendant.
_____/

## COMPLAINT FOR FIRST AMENDMENT RETALIATION, DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

Plaintiff, Jonathan Howard ("Plaintiff" or "Howard"), sues

Defendant Lt. Col. Kenneth Huhman in his official capacity as an officer of

the Florida State Guard ("FSG"), and in his individual capacity, and states:

## INTRODUCTION

Jonathan Howard, a former officer in the Florida State Guard,

discovered massive fraud, waste, and abuse of state funds within the

leadership of the Florida State Guard.  Howard then made a whistle blower

complaint, bringing public attention to the fraud, waste, and abuse while

awaiting state authorities to intervene.  In response, the leadership of the

Florida State Guard unlawfully and punitively demoted Howard.  Howard

now files this complaint for First Amendment Retaliation and for violation

of Florida's Public Whistleblower Act, § 112.3187, Fla. Stat.

1

**I.**

1. This is a civil-rights action arising from retaliation against Plaintiff for engaging in speech protected by the First Amendment to the United States Constitution.

2. Plaintiff reported what he reasonably believed to be fraud, waste, abuse, misconduct, and unlawful actions within the Florida State Guard. Plaintiff also communicated those concerns to government officials and later spoke publicly on matters of public concern after internal reporting did not result in corrective action.

3. After Plaintiff engaged in that protected activity, Plaintiff alleges he was subjected to escalating retaliation, including attempted removal, exclusion from leadership and operational channels, termination of access, removal from positions, demotion, and other materially adverse actions.

4. Plaintiff brings this action under 42 U.S.C. § 1983 to redress the deprivation of his rights under the First Amendment.

5. Plaintiff seeks compensatory, nominal, and punitive damages against Defendant Huhman in his individual capacity to the extent permitted by law, and declaratory and prospective injunctive relief against Defendant Huhman in his official capacity.

**<u>JURISDICTION AND VENUE</u>**

6. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

7. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to these claims occurred in Leon County, Florida, and because the Florida State Guard is headquartered in this District.

## PARTIES

8. Plaintiff Jonathan Howard is a natural person and, at all times material, served in the Florida State Guard, including within its Special Missions Unit ("SMU"), and performed services in Florida.

9. Defendant Lt. Col. Kenneth Huhman was, at all times material, an officer, commander, employee, and/or agent of the Florida State Guard and acted under color of state law.

10. Defendant Huhman is sued in his individual capacity for damages and in his official capacity for declaratory and prospective injunctive relief.

## FACTS

11. Plaintiff served in the SMU beginning in 2023 as part of its first class and had no disciplinary history.

12. Plaintiff was promoted to Captain in May 2025.

13. In or about October 2025, Aviation Director and Chief Pilot Matt Sweet, Commander Lt. Col. Jordon Bowen, and Deputy Commander Kenneth Huhman recommended Plaintiff for promotion to Lieutenant Colonel and Aviation Commander, but Plaintiff was not selected.

14. On or about January 12, 2026, Plaintiff became aware of what he believed to be approximately $14 million in fraud, waste, and abuse within the Florida State Guard.

15. Plaintiff's concerns arose in the context of internal turmoil involving command decisions and what Plaintiff believed to be unlawful or retaliatory conduct toward Guard personnel.

16. During that same period, and with the knowledge, encouragement, and approval of then-Commander Huhman, Plaintiff raised concerns internally and contacted four congressional members, but no corrective action followed.

17. Plaintiff then decided to speak publicly about fraud, waste, and abuse, matters that Plaintiff believed affected public funds, public administration, and the integrity of a state military organization.

18. Before doing so, Plaintiff informed Command Sergeant Major Rob Bartleson and Commander Huhman, both of whom, according to Plaintiff, approved and expressed trust in Plaintiff's judgment.

4

19. The day after Plaintiff's public video posted, Plaintiff's CSM criticized him in a group chat, and Commander Huhman responded approvingly. Plaintiff further alleges that state politicians publicly supported Plaintiff's allegations and that media outlets reported on the matter.

20. On January 26, 2026, Commander Huhman told Plaintiff that he would not suppress Plaintiff's free speech, but asked Plaintiff not to identify himself as part of the SMU in future videos, and Plaintiff agreed.

21. On January 27, 2026, Deputy Commander Major Ivan Acosta contacted Plaintiff about whether Plaintiff intended to resign.

22. On January 28, 2026, after Plaintiff shared another video clip with Commander Huhman and Plaintiff alleges Huhman approved it subject to the same condition, Major Acosta told Plaintiff that Plaintiff was removed from the Florida State Guard and the SMU, effective immediately, and that someone would collect Plaintiff's gear.

23. No written confirmation or formal process accompanied that removal.

24. Shortly afterward, Lt. Col. Huhman told Plaintiff that Major Acosta had "jumped the gun," that Plaintiff was not fired, and that if the Director wanted Plaintiff removed, Huhman would not carry it out.

5

25. Despite those assurances, Plaintiff was later removed from leadership and operational channels and was limited to a casual social chat group.

26. Plaintiff also alleges that his email account had been terminated at the request of SMU leadership.

27. During this same period, Plaintiff alleges that Command Sergeant Major Bartleson stated that leadership would no longer accept operators with large social-media followings, that such individuals would be removed, and that Plaintiff was "done" and would never again participate in the Special Access Program.

28. Plaintiff alleges he was the only member known to fit that description.

29. On or about February 6, 2026, Major Acosta told Plaintiff that Plaintiff had been removed from the Air Liaison Officer position, was no longer a Captain, and was demoted to E-8 under a different supervisor.

30. Plaintiff alleges that no paperwork, written order, or meaningful explanation was provided for that demotion.

31. After the demotion, Plaintiff contacted Lt. Col. Huhman and asked why it had happened.

32. Plaintiff alleges Huhman first said he was unaware of the demotion, then later stated that Operations and three other senior leaders had made the decision as part of a restructuring.

33. Plaintiff further alleges that Huhman communicated that those leaders were upset with Plaintiff's social-media activity and believed Plaintiff no longer belonged in the SMU.

34. Plaintiff alleges that the asserted restructuring rationale was false or pretextual.

35. Plaintiff further alleges that, even after the supposed restructuring, he continued receiving operational contacts for aviation support, including requests that contradicted the claim that aviation operations had effectively ceased.

36. Plaintiff also alleges that he was the only person demoted, while others with less experience were elevated to leadership or Branch Commander roles.

37. Plaintiff alleges that these actions caused a loss of status, rank, duties, opportunities, reputation, and income, and caused emotional distress and humiliation.

38. Plaintiff further alleges that the retaliatory treatment created intolerable conditions and effectively forced him out.

39. Plaintiff ultimately resigned from the SMU because, in his view, he could not continue serving under leadership that retaliated against him for exercising his constitutional rights.

40. At all times material, Defendant Huhman was acting under color of state law.

## COUNT I
## FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983
## AGAINST DEFENDANT HUHMAN IN HIS INDIVIDUAL CAPACITY

41. Plaintiff realleges paragraphs 14 through 20, 22 through 40.

42. Plaintiff engaged in speech and expressive activity protected by the First Amendment by reporting alleged fraud, waste, abuse, and misconduct, by contacting government officials, and by speaking publicly on matters of public concern.

43. Plaintiff's speech addressed issues of public concern, including the alleged misuse of public funds, misconduct within a state organization, and matters affecting public trust and governmental integrity.

44. Defendant Huhman knew of Plaintiff's protected speech and activity because Plaintiff discussed his concerns and intended public communications with Huhman beforehand, and because Huhman later discussed the reaction to Plaintiff's speech with Plaintiff.

45. Defendant Huhman, acting under color of state law, personally participated in, directed, approved, ratified, and/or failed to prevent retaliatory conduct against Plaintiff.

46. Plaintiff alleges that Defendant Huhman was personally involved in the response to Plaintiff's protected activity, communicated with Plaintiff regarding restrictions on Plaintiff's speech, communicated leadership hostility toward Plaintiff's public communications, and conveyed the allegedly pretextual explanation for Plaintiff's demotion and removal from meaningful duties.

47. Plaintiff's protected speech was a substantial or motivating factor in the materially adverse actions taken against him.

48. Those materially adverse actions included, among other things, attempted removal, exclusion from leadership and operational channels, termination of access, removal from positions, demotion, loss of rank and status, and constructive forcing out.

49. The retaliatory actions alleged herein would likely deter a person of ordinary firmness from engaging in similar protected speech.

50. As a direct and proximate result of Defendant Huhman's conduct, Plaintiff suffered damages, including lost pay or earning capacity, loss of rank and professional opportunity, reputational harm, emotional distress, humiliation, and other compensable injury.

**WHEREFORE**, Plaintiff demands judgment against Defendant Lt. Col. Kenneth Huhman, in his individual capacity, for compensatory damages, nominal damages, punitive damages to the extent permitted by law, costs, attorney's fees if recoverable, and such other relief as the Court deems just and proper.

<u>COUNT II</u>
<u>FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT HUHMAN IN HIS OFFICIAL CAPACITY FOR DECLARATORY RELIEF</u>

51. Plaintiff realleges paragraphs 14 through 20, 22 through 40.

52. Defendant Huhman, in his official capacity, has authority to implement, enforce, continue, or give effect to the retaliatory acts and practices challenged in this Complaint.

53. Plaintiff alleges an ongoing violation of federal law and continuing adverse consequences resulting from the challenged retaliation.

54. An actual, present, and justiciable controversy exists between the parties regarding whether the retaliation alleged herein violated Plaintiff's rights under the First Amendment to the United States Constitution.

55. Plaintiff is entitled to a declaration that retaliation against him for protected speech violated the First Amendment.

WHEREFORE, Plaintiff demands declaratory relief against Defendant Lt. Col. Kenneth Huhman, in his official capacity, together with costs,

10

attorney's fees if recoverable, and such further relief as the Court deems just and proper.

## COUNT III
## FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT HUHMAN IN HIS OFFICIAL CAPACITY FOR PROSPECTIVE INJUNCTIVE RELIEF

56. Plaintiff realleges paragraphs 14 through 20, 22 through 40.

57. Defendant Huhman, in his official capacity, has authority to implement, enforce, continue, or give effect to the retaliatory acts and practices challenged in this Complaint.

58. Plaintiff alleges an ongoing violation of federal law and continuing adverse consequences resulting from the challenged retaliation.

59. Plaintiff has no adequate remedy at law for the continuing violation of his constitutional rights insofar as he seeks forward-looking relief to prevent further retaliation and to remedy ongoing consequences of the challenged conduct.

60. Plaintiff is entitled to prospective injunctive relief under *Ex parte Young* prohibiting further retaliation and requiring restoration of rights, status, records, and non-retaliatory treatment to the extent authorized by law.

**WHEREFORE**, Plaintiff demands prospective injunctive relief against Defendant Lt. Col. Kenneth Huhman, in his official capacity, together with

costs, attorney's fees if recoverable, and such further relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor on all counts;

B. Declare that Defendant's retaliatory actions violated Plaintiff's rights under the First Amendment to the United States Constitution;

C. Enjoin Defendant Huhman, in his official capacity, and those acting in concert with him, from engaging in further retaliation against Plaintiff for protected speech;

D. Order appropriate prospective equitable relief, including restoration of status, records, access, and non-retaliatory treatment to the extent authorized by law;

E. Award compensatory damages against Defendant Huhman in his individual capacity;

F. Award nominal damages and punitive damages to the extent permitted by law against Defendant Huhman in his individual capacity;

12

G. Award costs, attorney's fees if recoverable, pre-judgment interest,

post-judgment interest, and such additional relief as the Court deems

just and proper; and

H. Grant such other and further relief as the Court deems just and

proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

**Dated**: April 6, 2026

Respectfully submitted,

/s/ *Anthony F. Sabatini*
ANTHONY F. SABATINI
Florida Bar No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
Mount Dora, Florida 32757
Telephone: (352) 455-2928
**Lead Counsel for Plaintiffs'**

/s/ *Gavin B. Rollins*
GAVIN B. ROLLINS, ESQ.
FL BAR No. 1064417
gavin@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st AVENUE
MOUNT DORA, FL 32757
T: (352)-328-4892
**Co-Counsel for Plaintiffs'**

13

## CERTIFICATE OF SERVICE

I certify that on 4.6.2026, I caused a true and correct copy of the foregoing to be filed via CM/ECF, which will serve all counsel of record.

/s/ *Anthony F. Sabatini*