**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**JONATHAN HOWARD,**

Plaintiff,

v. **CASE NO.: 4:26-cv-00161-RH-MAF**

**LT. COL. KENNETH HUHMAN,**
**in his individual and official capacities,**
**IVAN ACOSTA, in his individual and**
**official capacities, and MARK THIEME,**
**in his individual and official capacities,**

Defendants.
_____________________________________________/

**DEFENDANT HUHMAN'S MOTION TO DISMISS THE INDIVIDUAL CAPACITY CLAIM IN PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Lt. Col. Kenneth Huhman, moves for dismissal of the individual capacity claim asserted against him in Jonathan Howard's Amended Complaint, for lack of standing, for failure to state a claim, and because Defendant is entitled to qualified immunity, and as grounds therefore, states as follows:

1. Plaintiff, a former employee of the Florida State Guard ("FSG") and member of FSG's Special Missions Unit ("SMU"), brings a six-count Amended Complaint against Defendants Huhman, Acosta, and Thieme, alleging First Amendment Retaliation claims pursuant to 42 U.S.C. § 1983. Each defendant is sued in his individual and official capacities. This motion moves to dismiss Count

I of the Amended Complaint (ECF No. 24, ¶¶ 175-188), which is the individual capacity claim asserted against Huhman.

2. Plaintiff brings the First Amendment retaliation claim against Huhman following Plaintiff's demotion in the FSG, and Plaintiff's resignation in response to the demotion. Huhman is employed by the FSG, but is not the Director of the FSG. Plaintiff admits Huhman was not responsible for the demotion. According to Plaintiff's allegations in the amended complaint, Huhman told Plaintiff he would not carry out any directive to remove Plaintiff, and encouraged and protected Plaintiff's speech. Despite this, Plaintiff claims he is entitled to relief against Huhman – he is not.

3. Count I of Plaintiff's Amended Complaint should be dismissed for several reasons. First, Plaintiff lacks standing to bring the individual capacity claim against Huhman. Second, Count I fails to state a plausible claim for relief for First Amendment retaliation against Huhman in his individual capacity. Third, Huhman is entitled to qualified immunity.

WHEREFORE, for the reasons set forth in the Memorandum of Law, incorporated *infra*, Defendant Huhman respectfully requests this Court dismiss Count I of Plaintiff's Amended Complaint as supported herein.

## MEMORANDUM OF LAW

### I. Standards of Review.

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1258 n.2 (11th Cir. 2005).

In determining whether dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6), the allegations of the complaint are taken as true and construed in the light most favorable to the non-moving party. *See Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's analysis must disregard conclusory statements in the complaint, as well as legal conclusions pled as factual allegations. *Iqbal*, 556 U.S. at 678.

The standards for determining qualified immunity are set forth in detail in section IV *infra*.

### II. Plaintiff Lacks Standing to Bring His First Amendment Retaliation Claim Against Huhman.

To maintain an action in federal court, a plaintiff must demonstrate Article III

standing by establishing that his case satisfies the familiar tripartite test for standing: injury in fact, traceability, and redressability. Assuming for purposes of this motion that the Amended Complaint sufficiently alleges an injury, the pleading fails to allege traceability and redressability, and should therefore be dismissed for lack of subject matter jurisdiction. *Hall v. Ally Financial*, 2026 WL 2253692, *2 (11th Cir. Aug. 5, 2026) (finding "[w]hen a plaintiff lacks standing to bring a claim, the district court lacks subject matter jurisdiction over the case.") (citing *McGee v. Solic. Gen. of Richmond Cnty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013)).

Traceability requires that a plaintiff show a causal connection between his injury and the conduct of which he complains. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In other words, the alleged injury must be "fairly traceable" to the defendant's challenged actions and not the result of "the independent action of some third party not before the court." *Id.*; *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1201 (11th Cir. 2021).

Rather than showing a causal connection, the barebones allegations of the Amended Complaint demonstrate a complete lack of traceability. Plaintiff never alleges that Huhman was behind his "demotion" or had anything to do with the creation of alleged intolerable conditions leading to Plaintiff's resignation. Regarding his demotion, Plaintiff alleges only that he asked Huhman why he was

demoted, and Huhman, after first saying he was unaware of it, later conveyed that "Operations and other senior leadership had made the decision as part of a … restructuring." (ECF No. 24, ¶ 138). Plaintiff never provides the identities of "Operations" or the "other senior leadership," but it is clear that Huhman is not one of these people. This is confirmed in the next paragraph where Plaintiff says that "Huhman communicated that *those* leaders were upset with Plaintiff's social-media activity and believed Plaintiff no longer belonged in the SMU." (*Id.* at ¶ 139) (emphasis added). Thus, whoever Plaintiff believes caused his injury, it was not Huhman.

Furthermore, to the contrary, Plaintiff's own allegations state that Defendant guided, advocated for, and protected Defendant's purported First Amendment rights, as Plaintiff's allegations reflect Defendant's "support" (*Id.* at ¶ 96), and "trust in Plaintiff's judgment" (*Id.*); and that Defendant "would not suppress Plaintiff's free speech" (*Id.* at ¶ 97) and advised "he would not carry out a directive to remove Plaintiff." (*Id.* at ¶ 121).

Because the Amended Complaint fails to establish that Plaintiff's alleged injuries can be traced to Defendant, it should be dismissed for lack of standing.[1]

---

[1] The allegations set forth above are contained in the "Factual Allegations" section of the Amended Complaint (ECF No. 24, ¶¶ 38-174). The counts of the Amended Complaint incorporate the "Factual Allegations," and add only vague, broad, and conclusory statements that cannot be read to contradict the incorporated factual allegations and establish causation. For example, the statement in Count I that

Closely related to traceability, a plaintiff "must show that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Support Working Animals,* 8 F.4th at 1201 (citing *Lujan*, 504 U.S. at 560). "The second and third standing requirements – causation and redressability – are often flip sides of the same coin." *FDA v. All. for Hippocratic Med.,* 602 U.S. 367, 380 (2024). "They are simply different descriptions of the same judicial effort to ensure, in every case or controversy, that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 288 (2008) (citation modified).

This means that "if a defendant's action causes an injury, enjoining the action or awarding damages for the action will typically redress that injury." *Id.* The converse of this is also true; if there was no action of the defendant that caused an injury to the plaintiff, then there is no relief that a court could order against that defendant that would properly redress the injury suffered by the plaintiff. Here, because Plaintiff fails to allege that there was any action by Defendant that caused

---

Defendant, "personally approved, ratified, and participated in maintaining the adverse action because of Plaintiff's protected speech," (*Id.* at ¶ 184), is merely a conclusion and meaningless in and of itself. It only takes on meaning when informed by the actual factual allegations. As discussed above, there are no facts that support this conclusion, and conclusory allegations should be disregarded in a traceability analysis. *See, e.g.*, *Air Methods Corp. v. Altmaier*, 2021 WL 6303231, *1 (N.D. Fla. Oct. 12, 2021) (citing *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020)).

the injuries he complains of, there is no relief that this Court could order against Defendant that would redress injuries caused by others. So, for the same reasons that the Complaint fails to establish the causation element of standing, it also fails to demonstrate redressability.

In essence, the only difference between Plaintiff's initial and amended complaints is that Plaintiff alleges Huhman "agreed" with the "other members" of leadership's decision to restructure within the FSG. *See* ECF No. 24 at p. 21, ¶ 140. This alleged agreement does not cure the pleading's shortcomings that this Court previously identified, that is, Huhman "is not the person who made the demotion decision or carried it out." ECF No. 23 at p. 2. The Amended Complaint still clearly pleads that others made this decision and carried it out. The alleged injury Plaintiff asserts in this case is not "fairly traceable" to Huhman, and Huhman in not a proper party to redress the alleged injury.

Despite the Amended Complaint's new factual allegations, Plaintiff still has not alleged traceability or redressability regarding Huhman. Plaintiff lacks standing as to the individual-capacity claim against Huhman, and therefore, this Court respectfully lacks subject matter jurisdiction over this claim. Dismissal is warranted.

## III. **<u>The Amended Complaint Fails to State a Claim for Individual-Capacity First Amendment Retaliation Against Huhman.</u>**

The individual capacity claim for First Amendment retaliation in Plaintiff's initial Complaint (Count I) was previously dismissed by this Court, without prejudice. (ECF No. 23, p. 2). This Court should likewise dismiss Plaintiff's individual-capacity First Amendment retaliation claim against Huhman in the Amended Complaint (ECF No. 24, Count 1, pp. 25-27) for failing to state a plausible claim for relief.

In an individual capacity suit against a state official, it is sufficient to show that the official, acting under color of state law, caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Generally, "to establish a First Amendment retaliation claim, a plaintiff must show that (1) his speech was constitutionally protected; (2) he suffered adverse conduct that would likely deter a person of ordinary firmness from engaging in such speech; and (3) there was a causal relationship between the adverse conduct and the protected speech." *Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194, 1197 (11th Cir. 2011). The Eleventh Circuit has held that the standards for the adverse action element of a retaliation claim are consonant between Title VII and First Amendment claims. *Akins v. Fulton Cnty., Ga.*, 420 F.3d 1293, 1301 n. 2 (11th Cir. 2005).

Count I of the Amended Complaint should be dismissed because it contains the same deficiencies as Count I in the initial Complaint: Plaintiff has not pled

plausible facts allowing a reasonable inference that Huhman took any adverse action against Plaintiff. Similar to the initial Complaint, the Amended Complaint alleges that others demoted Plaintiff, not Huhman. Plaintiff fails to allege that Huhman took any action that could plausibly be construed as retaliatory. Instead, the Amended Complaint again alleges Plaintiff informed Huhman that he planned to address his concerns publicly and that Huhman expressed support and indicated he trusted Plaintiff's judgment. (ECF No. 24 at 16, ¶¶ 95-96). Huhman told Plaintiff he would not suppress Plaintiff's speech but requested Plaintiff refrain from identifying as part of the SMU in future videos, to which Plaintiff agreed. (*Id.* at ¶¶ 96-97). When Plaintiff was told by another person that he was removed from the FSG and SMU, Huhman assured him that was not the case and that Huhman would not carry out an order to remove Plaintiff. (*Id.* at 18-19, ¶¶ 118-122).

Similar to the initial pleading, Plaintiff makes no factual allegation that Huhman had anything to do with his demotion. Again, Plaintiff pleads that Huhman merely relayed what he had learned and had been told about the demotion. (*Id.* at 20, ¶¶ 136-139). Plaintiff's allegation that Huhman "personally approved, ratified, and participated in maintaining the adverse action" (*Id.* at 26, ¶ 184) is impermissibly conclusory and at odds with the facts Plaintiff does allege.

Plaintiff's Amended Complaint suggests Huhman engaged in adverse action by taking no action contrary to leadership's decisions and actions. (*Id.* at 21, ¶ 143-146). Plaintiff's allegation that Huhman's alleged inaction amounts to a retaliatory adverse action fails. An alleged failure to take corrective action does not constitute an adverse action sufficient to support a retaliation claim. *See Malone v. Mr. Glass Doors & Windows Mfg., LLC*, 2022 WL 3159876, *8 (S.D. Fla. Jul. 15, 2022); *see also Williams-Evans v. Advance Auto Parts*, 843 Fed.Appx. 144, 149-50 (11th Cir. 2021) ("[E]ven if [the defendant employer] ignored [the employee's] complaint, that shows only a failure to act, not a materially adverse action sufficient to make out a retaliation claim.") (citing *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 396 (2002)); *Wesolowski v. Napolitano*, 2 F. Supp. 3d 1318, 1348 (S.D. Ga. 2014) ([A] plaintiff "cannot rely on [an employer's] failure to take action against another employee to show that he was subject to an adverse employment action.") (quoting *Entrekin v. City of Panama City, Fla.*, 376 Fed.Appx. 987, 995 (11th Cir. 2010)).

Here, Plaintiff has not pled sufficient plausible facts that Huhman took any retaliatory adverse action against Plaintiff which could survive a motion to dismiss. Instead, Plaintiff relies on the alleged *inaction* of Huhman, suggesting, without sufficient factual basis, that Huhman somehow could have reversed a decision of his superiors at FSG.

A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Because Plaintiff has not pled facts showing Huhman took any retaliatory adverse action against Plaintiff, Plaintiff's individual-capacity retaliation claim against Huhman should be dismissed with prejudice.

## IV. **Huhman is Entitled to Qualified Immunity.**

While qualified immunity is typically addressed at the summary judgment stage of a case, it may be granted on a motion to dismiss where the "complaint fails to allege the violation of a clearly established constitutional right." *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) (quoting *Williams v. Ala. State Univ.*, 102 F.3d 1179, 1182 (11th Cir. 1997)).

"Qualified immunity" requires courts enter judgment in favor of government employees sued in their individual capacities unless the employees' conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015); *Malley v. Briggs*, 475 U.S. 335,

341 (1986); *see also*, *Holt v. U.S. Atty. Gen.*, 486 Fed.Appx. 97, 99 (11th Cir. 2012) (noting qualified immunity offers complete protection). "Qualified immunity is meant to ensure that government officials are not afraid to fulfill their job-related responsibilities." *Williams v. Consol. City of Jacksonville*, 381 F.3d 1298, 1307 (11th Cir. 2004) (citation omitted). "[Q]ualified immunity is appropriate in close cases where a reasonable officer could have believed that his actions were lawful." *Lee v. Ferraro*, 284 F.3d 1188, 1200 (11th Cir. 2002).

"In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Id.* at 1194. Government employees act within their discretionary authority where objective circumstances show the challenged actions occurred in the performance of the employees' duties "and within the scope of this authority." *Boyce v. Andrew*, 510 F.3d 1333, 1341 (11th Cir. 2007) (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1185 n. 17 (11th Cir. 1994)). In this case, there is no dispute that Huhman was a government official acting within the scope of his discretionary authority. (ECF No. 24, ¶¶ 25-26). Plaintiff's entire pleading centers on Huhman's alleged actions/inactions related to his employment with the FSG and in the capacity as Commander of the SMU.

Establishing that the alleged constitutional violations occurred while the public officials were acting within the scope of discretionary authority, the burden

shifts to the plaintiff to overcome the defense of qualified immunity. *Moran v. Cameron*, 362 Fed.Appx. 88, 92 (11th Cir. 2010) (citation omitted). To overcome a qualified immunity defense at the motion to dismiss stage, Plaintiff must plausibly allege: (1) the facts, viewed in Plaintiff's favor, establish a constitutional violation; and (2) Huhman violated rights that were clearly established at the time of the alleged violation. *Lamparello v. Cox*, 2026 WL 2676829, *5 (11th Cir. Sept. 11, 2026) (citing *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019)). The two-step analysis can be accomplished in whatever order is deemed most appropriate by the district court. *Id.* (citing *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009)).

As set forth in Section III *supra*, the Amended Complaint fails to state a plausible claim that Huhman violated Plaintiff's First Amendment rights by retaliating against Plaintiff. At this time, the Court need not employ the two-step framework for analyzing the context of a public employee's speech, grounded in *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968) and *Garcetti v. Ceballos*, 547 U.S. 410 (2006), because the pleading deficiency raised *supra* is that Plaintiff fails to allege any plausible facts that allow for an inference that Huhman engaged in any adverse action against Plaintiff in retaliation for exercising First Amendment

rights.[2] This deficiency serves as the basis for Huhman's position that the Amended Complaint does not establish a constitutional violation by Huhman for qualified immunity purposes. The Amended Complaint alleges not only that Huhman did not know about Plaintiff's demotion before Plaintiff informed him, but also that Huhman was not the cause of Plaintiff's demotion or any other alleged adverse employment action allegedly affecting Plaintiff. As the argument in Section III *supra* shows, Plaintiff has not plausibly established that any constitutional infringement by Huhman occurred.

Where a court can discern no constitutional violation, it need not address whether the law regarding the issue was clearly established. However, assuming, *arguendo*, that the Court would reach this step in the analysis (or decides to address it first), Huhman is entitled to dismissal, via qualified immunity, because it was not clearly established that Huhman's particular conduct, at the time of the incident, was violative of the First Amendment.

In *Lamparello*, the Eleventh Circuit recently addressed the clearly established prong in the context of First Amendment retaliation, and stated:

---

[2] Huhman is by no means waiving any argument under the *Pickering/Garcetti* analysis. Rather, due to the state of the pleadings (Plaintiff summarized the "content" of his speech, and plead that the "form" of the speech was social media, *see* ECF No. 24 at 3, ¶¶ 7-8, but the concrete details are not currently before the Court), and the standard by which this Court must address this motion to dismiss, the analysis may be more appropriate at a summary judgment stage of the proceedings.

> [The Plaintiff] can show his First Amendment right was clearly established in one of three ways: (1) by pointing to a materially similar case decided by the Supreme Court, Eleventh Circuit, or relevant state supreme court at the time; (2) by identifying a broader, clearly established legal principle that applies to the facts of the case; or (3) by showing the conduct was so plainly unconstitutional that prior case law is unnecessary. *Stalley v. Cumbie*, 124 F.4th 1273, 1284 (11th Cir. 2024) (collecting cases). "It is particularly difficult to overcome the qualified immunity defense in the First Amendment context." *Gaines v. Wardynski*, 871 F.3d 1203, 1210 (11th Cir. 2017). "Because the analysis of First Amendment retaliation claims under the *Pickering-Connick* test involves legal determinations that are intensely fact-specific and do not lend themselves to clear, bright-line rules ... a defendant in a First Amendment suit will only rarely be on notice that his actions are unlawful." *See Maggio v. Sipple*, 211 F.3d 1346, 1355 (11th Cir. 2000) (citation modified).

*Lamparello*, 2026 WL a676829 at *8. Any argument by Plaintiff that Huhman's conduct was so plainly unconstitutional that prior case law is unnecessary, or that a broader, clearly established principle applies to the facts of this case, simply lacks merit. This is evident in the fact that the Amended Complaint cannot even clearly define what Huhman allegedly did to violate Plaintiff's First Amendment rights. Therefore, Plaintiff must identify a materially similar case that clearly establishes Plaintiff's right vis-a-vis Huhman's specific conduct in this case. Plaintiff cannot identify a materially similar case that would put Huhman on notice that what he allegedly did was wrong.

Courts must undertake the clearly established inquiry "in light of the specific context of the case, not as a broad general proposition." *Mullenix*, 577 U.S. at 12 (citations omitted). When considering "whether the law clearly established the

relevant conduct as a constitutional violation at the time that [the governmental official] engaged in the challenged acts, [the courts] look for 'fair warning' to officers that the conduct at issue violated a constitutional right." *Jones v. Fransen*, 857 F.3d 843, 851 (11th Cir. 2017) (citing *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011)).

The existing caselaw must be similar enough to the facts at hand to put "the statutory or constitutional question beyond debate." *Gaines*, 871 F.3d at 1209 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Where "reasonable people can differ on the lawfulness of a government official's actions despite existing caselaw, he did not have fair warning and is entitled to qualified immunity." *Id.* at 1210 (citing *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003)). The Eleventh Circuit has repeatedly stated that "if case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Id.* (quoting *Oliver v. Fiorino*, 586 F.3d 898, 907 (11th Cir. 2009)).

None of the methods for determining whether an alleged right was clearly established, in relation to Huhman's specific conduct, as alleged in the Amended Complaint, abrogates Huhman's entitlement to qualified immunity. Plaintiff can show no concrete factual context was present in the existing caselaw, *see, e.g.*, *Williams-Evans*, 843 Fed.Appx at 149-50, nor can Plaintiff show the narrow

exception of "obvious clarity" applies to the specific factual scenario at hand. As such, Huhman is entitled to qualified immunity because Plaintiff fails to meet the "clearly established" analytical burden as well.

**CONSLUSION**

WHEREFORE, for the reasons set forth above, Defendant Huhman respectfully moves this Court for an order dismissing Count I of the Amended Complaint.

*s/Brian C. Keri*
BRIAN C. KERI (FBN 0087874)
P.O. Box 13599
Tallahassee, Florida 32317-3599
Telephone: (850) 297-2222
briankeri@earthlink.net
michellemsmith@earthlink.net
Attorney for Defendant

**CERTIFICATE OF COMPLIANCE**

This motion complies with Loc. R. 7.1(F), in that the number of words in the motion is 3669.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF service to Anthony F. Sabatini, Esquire and Gavin B. Rollins, Esquire, 1601 E 1st Avenue, Mount Dora, FL 32757 and Rob Sniffen, Esquire and Kristen Diot, Esquire, 123 N Monroe Street, Tallahassee, FL 32301, on September 30, 2026.

*s/Brian C. Keri*
Brian C. Keri